Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Bashir Ghazialam, Esq. (SBN 212724)
LAW OFFICES OF BASHIR GHAZIALAM
P.O. Box 928167
San Diego, CA 92192
Phone: (619) 795-3370
Fax: (866) 685-4543

Attorneys for Plaintiffs:
ZAKIA MASHIRI and FARID MASHIRI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARID MASHIRI and ZAKIA MASHIRI | Case No. 15-cv-1591-DMS-BLM |
| Plaintiffs, | |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| OCWEN LOAN SERVICING, LLC; and WESTERN PROGRESSIVE, LLC. | |
| Defendants. | **[DEMAND FOR JURY TRIAL]** |

Plaintiffs FARID MASHIRI and ZAKIA MASHIRI alleges as follows:

# I.
# INTRODUCTION

1. Plaintiffs Farid Mashiri ("Mr. Mashiri") and Zakia Mashiri ("Mrs. Mashiri") sometimes collectively referred to as "Plaintiffs" bring this lawsuit against Defendant OCWEN LOAN SERVICING, LLC (hereinafter "OCWEN") and Defendant WESTERN PROGRESSIVE, LLC (hereinafter "WESTERN"), sometimes collectively referred to as "Defendants" for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA). Mrs. Mashiri also bring this lawsuit against OCWEN for violations of the California Consumer Credit Reporting Agencies Act ("CCRAA").

2. Plaintiffs bring this action to seek actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

# II.
# PARTIES

3. Plaintiffs are, and at all times mentioned herein were, individuals, residing in the County of San Diego, State of California.

4. Mr. Mashiri is over the age of 65 and permanently disabled because he has stage four stomach cancer.

5. Plaintiffs are a consumer as defined by 15 U.S.C. section 1692a(3), and debtors as that term is defined by California Civil Code section 1788.2(h). Mrs. Mashiri is a "consumer" as the term is defined by California Civil Code section

1785.3(b).

6. Plaintiffs are informed and believe, and thereupon alleges, that OCWEN is, and at all times mentioned herein was, a limited liability company who was conducting and engaging in business in the County of San Diego, California.

7. Plaintiffs are informed and believe, and thereupon allege, that WESTERN is, and at all times mentioned herein was, a limited liability corporation who was conducting and engaging in business in the County of San Diego, California.

8. Plaintiffs are informed and believe, and thereupon allege, that OCWEN uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. section 1692a(6).

9. Plaintiffs are informed and believe, and thereupon allege, that WESTERN uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. section 1692a(6).

10. OCWEN and WESTERN are debt collectors under the FDCPA because the debt in this case was in default when they took over the loan. (*Salvato v. Ocwen*

*Loan Servicing, LLC*, (2012) 2012 WL 3018051 at *4-6; and *Johnson v. HSBC Bank USA, Nat. Ass'n* (2012) 2012 WL 928433 at *6.)

11. Plaintiff is informed and believes, and thereupon alleges that OCWEN and WESTERN are debt collectors as defined under Civil Code section 1788.2(c).

12. OCWEN and WESTERN attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

13. Plaintiffs are informed and believe and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

### III.
### JURISDICTION AND VENUE

14. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

15. This action arises out of Defendants' violations of the FDCPA and Rosenthal FDCPA, and the CCRAA. Because Defendants do business within the State of California, County of San Diego, personal jurisdiction is established.

16. Venue is proper pursuant to 28 U.S.C. section 1391.

# IV.
# RELEVANT FACTS

17. Plaintiffs purchased their home in February of 2004.

18. In 2005, Plaintiffs refinanced their loan and gave a Deed of Trust secured by an Adjustable Rate Note to WMC Mortgage Corp (hereinafter "WMC").  Litton Loan was the servicer of the loan.

19. In February 2009, Mr. Mashiri was laid off from his job of 14 years.  In October 2009, Mr. Mashiri was diagnosed with stage four stomach cancer.  As a result, he became permanently disabled causing Plaintiffs to fall behind on their loan payments.

20. On or about September 1, 2011, OCWEN took over the servicing of Plaintiffs' loan, which was at least four months in default.

21. On October 25, 2012, Mr. Mashiri filed a lawsuit against OCWEN for numerous violations of the FDCPA, Rosenthal FDCPA as well as violations of the TCPA and RESPA in the San Diego Superior Court.  The case was removed to federal court, litigated in federal court, and subsequently settled and dismissed with prejudice on or about December 19, 2014.

22. Starting in 2015, OCWEN began sending collection notices to Plaintiffs in an attempt to collect an alleged outstanding debt.  Receiving these collection letters caused tremendous stress to Plaintiffs, especially to Mr. Mashiri, who is a stage four cancer patient.

23. Therefore, on March 16, 2015, Plaintiffs' counsel sent a letter to OCWEN, via fax and U.S. mail, informing them that Plaintiffs were represented by an attorney, and that all communications should be addressed to Plaintiff's counsel. A copy of Plaintiffs' counsel's letter is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

24. OCWEN received Plaintiffs' counsel's letter, dated March 16, 2015, on the same day according to Plaintiff's counsel's fax transmission. A Copy of Plaintiffs' counsel March 16, 2015 fax transmission is attached hereto as **Exhibit 2**, and is incorporated herein by reference.

25. On or about March 20, 2015, after receiving Plaintiffs' counsel's March 16, 2015 letter, via fax, to stop communicating with Plaintiffs, OCWEN sent a collection letter, dated March 20, 2015, directly to Plaintiffs in an attempt to collect a debt. A copy of OCWEN's March 20, 2015 collection letter is attached hereto as **Exhibit 3**, and is incorporated herein by reference.

26. On or about March 27, 2015, OCWEN sent Plaintiffs, not their attorney, a letter acknowledging receipt of Plaintiffs' counsel March 16, 2015 letter. But OCWEN informed Plaintiffs that it was not authorized to provide any information to their attorney. A copy of OCWEN's March 27, 2015 letter is attached hereto as **Exhibit 4**, and is incorporated herein by reference.

27. Despite Plaintiffs counsel's March 16, 2015 letter, Defendant OCWEN sent another collection letter, dated April 22, 2015, directly to Plaintiffs in an attempt

to collect a debt.  A copy of OCWEN's April 22, 2015 collection letter is attached hereto as **Exhibit 5**, and is incorporated herein by reference.

28. OCWEN continued to send collection letters directly to Plaintiffs even though Plaintiffs were represented by an attorney. OCWEN sent collection letters on or about, May 20, 2015, and June 16, 2015. Copy of the May 20, 2015 letter from OCWEN is attached hereto as **Exhibit 6,** and a copy of the June 16, 2015 letter from OCWEN is attached hereto as **Exhibit 7**, both incorporated herein by reference.

29. On or about May 12, 2015, WESTERN, knowing that Plaintiffs were represented by counsel, sent its first collection letter (hereinafter "Validation Notice") to Plaintiffs in attempt to collect an alleged outstanding debt.  The Validation Notice also lists several different amounts allegedly owed.  A copy of WESTERN'S Validation Notice is attached hereto as **Exhibit 8**, and is incorporated herein by reference.

30. On July 30, 2015, Plaintiffs' counsel sent a letter to WESTERN, informing them that Plaintiffs were represented by an attorney, and that all communications should be addressed to Plaintiffs' counsel.  A copy of Plaintiffs' counsel's letter is attached hereto as **Exhibit 9**, and is incorporated herein by reference.

31. On August 19, 2015, Plaintiff ZAKIA MASHIRI obtained a copy her credit report from Experian and discovered that OCWEN was double reporting the debt on her credit report.

# V.
# FIRST CAUSE OF ACTION
### (Violation of the FDCPA against OCWEN)

32. Plaintiffs re-allege paragraphs 1 through 31, above, as if fully set forth herein.

33. OCWEN violated the FDCPA by violating 15 U.S.C. sections 1692c(a)(2), 1692c(c), 1692e, 1692e(2)(A), and 1692e(10).

34. OCWEN violated 15 U.S.C. section 1692c(a)(2) because it contacted Plaintiffs in writing, in an attempt to collect a debt, knowing that Plaintiffs were represented by an attorney.

35. OCWEN violated 15 U.S.C. section 1692c(c) because it continued communicating with Plaintiffs, when in fact it was told in writing to stop further communications with Plaintiffs.

36. OCWEN violated 15 U.S.C. section 1692e(2)(A) by double reporting the same debt on Plaintiff ZAKIA MASHIRI's Experian credit report.

37. OCWEN violated 15 U.S.C. section 1692e(10) when it violated sections 1692c(a)(2), 1692c(c), and 1692e(2)(A)

38. As a result of each and every violation of the FDCPA, Plaintiffs have suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses the exact amount of which is to be proven at trial.

39.     As a result of each and every violation of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. section 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. section 1692k(a)(2)(A); treble damages pursuant to California Civil Code section 3345 for Mr. Mashiri only because he is both a senior citizen and disabled; and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## VI.
## SECOND CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA against OCWEN)

40.     Plaintiffs re-allege paragraphs 1 through 39, above, as if fully set forth herein.

41.     Any violation of the FDCPA is a violation of California Civil Code section 1788.17, because section 1788.17 incorporates the FDCPA.

42.     OCWEN violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692c(a)(2), 1692c(c), 1692e(2)(A), and 1692e(10).

43.     OCWEN violated California Civil Code section 1788.14(c) because it contacted Plaintiffs beyond statements of the account, after being directly notified in writing by Plaintiffs' attorney to stop contacting Plaintiffs.

44.     As a result of each and every violation of the Rosenthal FDCPA, Plaintiffs have suffered actual damages and harm resulting from OCWEN's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety,

humiliation, and out-of-pocket expenses the exact amount of which is to be proven at trial.

45. As a result of each and every violation of the Rosenthal FDCPA, Plaintiffs are entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 15 U.S.C. 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); treble damages pursuant to California Civil Code section 3345 for Mr. Mashiri only because he is both a senior citizen and disabled; and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## VII.
## THIRD CAUSE OF ACTION
### (Violation of the FDCPA against WESTERN)

46. Plaintiffs re-allege paragraphs 1 through 45, above, as if fully set forth herein.

47. WESTERN violated the FDCPA by violating 15 U.S.C. sections 1692g(a)(1), 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10).

48. WESTERN violated 15 U.S.C. section 1692g(a)(1), because the Validation Notice failed to state the accurate amount of the debt Plaintiffs allegedly owed.  In the third paragraph of the Validation Notice, it states that Plaintiffs owe $136,281.41, but in the fourth paragraph it states that Plaintiffs owes $421,751.82 plus interest….It is unclear from the Validation Notice what the total amount owed is.

49.     WESTERN violated 15 U.S.C. section 1692g(a)(2), because the Validation Notice failed to state the accurate name of the creditor to whom the debt is allegedly owed.  The notice states that the debt is owed to OCWEN when in fact OCWEN is the loan servicer and not the creditor.

50.     WESTERN violated 15 U.S.C. sections 1692e and 1692e(2)(A) because they falsely and deceptively misrepresented the amount of debt.  In the third paragraph it stated that Plaintiffs owe $136,281.41, but in the fourth paragraph it stated that Plaintiffs owe $421,751.82 plus interest from 08/01/2011, late charges, negative escrow and attorney and/or trustee's fees and costs.  However, it is unclear from the Validation Notice what the total amount owed is.

51.     WESTERN also violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) because the Validation Notice is confusing and misleading.  The notice stated two different amounts owed.  The least sophisticated debtor would be confused as which amount he or she has to pay in order to satisfy the past due debt.

52.     WESTERN also violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) because the Validation Notice is confusing and misleading.  Paragraph four in the Validation Notice stated that Plaintiffs owe $421,751.82 plus interest from 08/01/2011, late charges, negative escrow and attorney and/or trustee's fees and costs. However, the notice did not indicate how much was being asked for the "interest from 08/01/2011" or the "late charges, negative escrow and attorney and/or trustee's fees and costs."

53. As a result of each and every violation of the FDCPA, Plaintiffs have suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses including but not limited to gasoline expenses, postage expenses, and telephone charges, the exact amount of which is to be proven at trial.

54. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. section 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. section 1692k(a)(2)(A); treble damages pursuant to California Civil Code section 3345 for Mr. Mashiri only because he is both a senior citizen and disabled; and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## VIII.
## FOURTH CAUSE OF ACTION
**(Violation of the Rosenthal FDCPA against WESTERN)**

55. Plaintiffs re-allege paragraphs 1 through 54, above, as if fully set forth herein.

56. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, because section 1788.17 incorporates the FDCPA.

57. WESTERN violated Civil Code section 1788.17, also known as the Rosenthal FDCPA, because it violated 15 U.S.C. sections 1692g(a)(1), 1692g(a)(2), 1692e, 1692e(2)(A), and 1692e(10).

58. As a result of each and every violation of the Rosenthal FDCPA, Plaintiffs have suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses including but not limited to gasoline expenses, postage expenses, and telephone charges, the exact amount of which is to be proven at trial.

59. As a result of each and every violation of the Rosenthal FDCPA, Plaintiffs are entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 15 U.S.C. 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); treble damages pursuant to California Civil Code section 3345 for Mr. Mashiri only because he is both a senior citizen and disabled; and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## IX.
## FIFTH CAUSE OF ACTION
**(Violations of the CCRAA against OCWEN by Plaintiff Zakia Mashiri)**

60. Ms. Mashiri re-alleges paragraphs 1 through 59, above, as if fully set forth herein.

61. California Civil Code section 1785.25(a) states:

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

62. OCWEN violated the CCRAA by violating California Civil Code section 1785.25(a) because it furnished and continue to furnish to a consumer credit reporting agency, including Experian, inaccurate information when it double reported Ms. Mashiri's debt. The Experian credit report states that Ms. Mashiri had two debts with OCWEN for the same exact amount when in fact this is not true. OCWEN was simply reporting the same debt twice. This is also known as "double reporting."

63. As a result of each and every violation of the CCRAA, Ms. Mashiri has suffered actual damages and harm resulting from OCWEN's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, and out-of-pocket expenses the exact amount of which is to be proven at trial.

64. As a result of each and every violation of the CCRAA, Ms. Mashiri is entitled to actual damages, reasonable attorney's fees and costs pursuant to California Civil Code section 1785.33(a)(1); statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1788.31(a)(2)(B).

# X.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

DATED: September 19, 2015

**MASHIRI LAW FIRM**
A Professional Corporation

By: /s/ Alex Asil Mashiri
    Alex Asil Mashiri
    Attorney for Plaintiffs,
    ZAKIA MASHIRI AND
    FARID MASHIRI